UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

BRUCE D. KUNSMAN,

                Plaintiff,

                                         <u>ORDER REQUESTING</u>
                                         <u>MORE INFORMATION</u>

                                         08-CV-6080L

            v.

SALLY L. CONKRIGHT, et al.,

                Defendants.
_____

HERBERT E. ANDERSON,

                Plaintiff,

            v.                                           06-CV-6202L

XEROX CORPORATION, et al.,

                Defendants.
_____

LAWRENCE R.  HOLLAND,

                Plaintiff,

            v.                                           08-CV-6171L

LAWRENCE M. BECKER, In their
respective capacities as agents of the profit sharing
joint administrative board, et al.,

                Defendants.

_____

ROBERT TESTA, an individual,

                Plaintiff,

            v.                                           10-CV-6229L

Lawrence Becker
as plan administrator of the Xerox Corporation
Retirement Income Guarantee Plan, et al.,

                Defendants.
_____

_____

RICHARD S. CLOUTHIER,

                        Plaintiff,

               v.                                              08-CV-6441L

LAWRENCE M. BECKER, in his capacity as
Xerox Corporation Retirement Income Guarantee
Plan Administrator and as an individual,

                        Defendant.

_____

      As the Court continues to work on *Kunsman v. Conkright,* 08-CV-6080L, decisions in this and the other, related, Xerox ERISA cases, certain issues concerning the statute of limitations have presented themselves that I believe should be addressed by the parties. The pending motion in *Kunsman* is a motion to dismiss.

      As you well know, in its 2006 decision in the *Frommert* case, 433 F.3d 254, the Court of Appeals rejected this Court's finding that the plaintiffs' claim for breach of fiduciary duty was untimely. I had based that conclusion on my finding that the issuance of the 1995 Xerox Benefits Update, describing the operation of the phantom account, triggered the commencement of the limitations period under ERISA § 413(2), which provides for a three-year period running from the date on which the plaintiff first has actual knowledge of the alleged breach.

      The Second Circuit stated that the flaw with that conclusion was that "the plaintiffs' claim for breach of fiduciary duty [wa]s not premised solely on the defendants' adoption of the phantom account; rather, it [wa]s based on allegations that the defendants made ongoing misrepresentations about the origins of the phantom account in an effort to justify its usage." 433 F.3d at 272. The court explained that "[a]lthough the 1995 Benefits Update may have provided notice that the plaintiffs' benefits would be lower than they expected, it certainly did not inform the plaintiffs that the phantom account was being applied in contravention of the Plan's terms." Therefore, the court

- 2 -

concluded, the 1995 Benefits Update did not, in itself, give the plaintiffs "actual knowledge" of the alleged breach of the defendants' fiduciary duties. *Id.*

Although the Court of Appeals directed this Court on remand "to determine when the plaintiffs had actual knowledge of the alleged breach of the defendants' fiduciary duties," 433 F.3d at 273, that proved to be unnecessary, since on remand I determined that this Court's rulings on the plaintiffs' other claims effectively provided the plaintiffs with "all of the relief, equitable or otherwise, to which they [we]re entitled." 472 F.Supp.2d at 466. The issue was not raised in the subsequent appeals or later proceedings in *Frommert*, so no court ever did make a finding on the "actual knowledge" issue.

In the *Kunsman* case, the plaintiffs have alleged that defendants made "false and misleading statements in response to administrative claims filed by aggrieved plan participants that the phantom account offset was part of the RIGP Plan document." (Dkt. #4 ¶130(e).) Admittedly, that allegation is contained in plaintiffs' cause of action for conspiracy to defraud, rather than the claim for breach of fiduciary duty, but it does seem to fall within the type of allegation referenced by the Second Circuit in *Frommert*, concerning misrepresentations about the basis for the phantom account offset.

The Second Circuit has expressly rejected a "constructive knowledge" standard for purposes of § 413(2), instructing instead that "plaintiffs must have had specific knowledge of the actual breach upon which they sued." *Caputo v. Pfizer, Inc.*, 267 F.3d 181, 193 (2d Cir. 2001). Given the allegations of the complaint in *Kunsman*, one issue before the Court is whether I can determine as a matter of law, from the face of the complaint, at what point the plaintiffs had actual knowledge of the defendants' alleged breach of their fiduciary duty.

In that regard, I note that the *Kunsman* complaint was drafted by the late Mr. Jaffe, who also represented the plaintiffs in *Frommert*. Some of the papers filed by Mr. Jaffe in *Frommert* indicate that he was aware of the defendants' alleged misrepresentations by early 2003, and that he was alleging that the Plan itself did not support the use of the phantom account offset considerably earlier than that. For example, in a brief submitted on March 3, 2003, Mr. Jaffe asserted that "before

instituting this action, ... the moving plaintiffs did not have actual knowledge of the fact that the defendant Plan Administrators had breached [their] fiduciary obligations ... by improperly construing the terms of the Plan ... ." *Frommert* Dkt. #93 at 14. In a Local Rule 56.1 statement filed that same date, Mr. Jaffe alleged that plaintiff Frommert had received a memo from the Plan Administrator falsely stating that the calculation of Frommert's benefit had been "consistent with the retirement terms of the plan document." *Frommert* Dkt. #90 ¶ 47. And as early as May 2001, the *Frommert* plaintiffs were alleging, through Mr. Jaffe, that "the plan document itself does not authorize" the use of the phantom account offset. *Frommert* Dkt. #63 at 3.

Another issue, then, is whether Mr. Jaffe's actual knowledge of the alleged breach may be imputed to the plaintiffs in *Kunsman*. The general rule, of course, is that an attorney's knowledge will be imputed to the client as to facts relating to the subject matter of the representation. *See*, *e.g.*, *Veal v. Geraci*, 23 F.3d 722, 725 (2d Cir. 1994). At least one district court in this circuit, however, has declined to apply that rule with respect to an alleged breach of an ERISA fiduciary's duty, albeit in the context of a class action, which *Kunsman* is not. *See L.I. Head Start Child Dev. Services, Inc. v. Economic Opportunity Comm'n of Nassau County, Inc.*, 558 F.Supp.2d 378, 397-99 (E.D.N.Y. 2008).

The next issue concerns the alternative six-year limitations period of § 413(1), running from "the date of the last action which constituted a part of the breach or violation ...," and the statute's "fraud or concealment" exception. If the last such act here occurred more than six years before the *Kunsman* complaint was filed in February 2008, then the fiduciary duty claim would be time barred, regardless of when plaintiffs learned of the breach, absent fraud or concealment on the part of defendants, which would give the plaintiffs six years from the date of discovery of the breach to file suit. Can the Court determine, from the face of the complaint, when the last alleged act constituting a part of the breach occurred? And have plaintiffs sufficiently pleaded fraud or concealment to warrant the application of a six-year period from the date of discovery?

Next, I note that several of the *Kunsman* plaintiffs sought to join the *Frommert* lawsuit in November 2006, by way of a motion for leave to file an amended complaint adding them to that action. *See Frommert* Dkt. #132. In my January 24, 2007 Decision and Order in *Frommert*, which mostly concerned the appropriate remedy for defendants' ERISA violation, I stated that "[t]o the extent that any of the proposed new plaintiffs have not yet retired from Xerox, I see no basis for adding them to this lawsuit," because the Second Circuit's prior holding that the phantom account could not be applied to employees rehired prior to the issuance of the 1998 SPD "would certainly seem to foreclose defendants from utilizing the phantom account in calculating 'new' retirees' pension benefits." 472 F.Supp.2d at 467. Since the issue had not been fully briefed, however, I reserved decision on the motion to amend, and directed defendants to submit a response.

Subsequent to that decision, however, the Court was informed by plaintiffs' counsel that after reviewing the Court's January 24 Decision and Order, the plaintiffs had decided to withdraw their motion to amend the complaint in *Frommert*. The Court therefore denied the motion to amend as moot. *Frommert* Dkt. #139.

The next issue, then, is what, if any, importance the Court should assign to the fact that at least some of the plaintiffs in *Kunsman* did attempt to bring, or join, ERISA claims in *Frommert*, roughly fifteen months before the *Kunsman* complaint was filed. Is that relevant to the limitations issue in *Kunsman*, and might it affect the outcome? In addition, is it significant that the plaintiffs in *Frommert* later withdrew their motion to amend, in light of this Court's prior statements in that case indicating that it was unnecessary to add as plaintiffs anyone who had not yet retired from Xerox? And since it appears that only some, but not all, of the *Kunsman* plaintiffs were sought to be added in *Frommert*, should those two sets of *Kunsman* plaintiffs be treated differently for limitations purposes?

The final matter concerns whether, and to what extent, these various issues are present in the other Xerox cases. From a review of the pleadings, it seems that the complaint in *Holland* contains allegations concerning the defendants' alleged misrepresentations, along the same lines as in *Kunsman*, *see Holland* Dkt. #1 ¶¶ 36-38. I realize that at this point, the plaintiffs in *Holland* appear

to be unrepresented, but I would like your thoughts on whether the issues outlined above are present in that case or in any of the other Xerox ERISA cases now before me.

    Contemporaneous responses are due within three (3) weeks of this order.

    IT IS SO ORDERED.

                                                   _____
                                                         DAVID G. LARIMER
                                                      United States District Judge

Dated: Rochester, New York
       December 1, 2011.